**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANNON KANDA, | No. 10-35746 |
| Plaintiff - Appellant, | DC No. CV 09-404 EJL |
| v. | |
| WAYNE LONGO; CITY OF COEUR D'ALENE; COEUR D'ALENE POLICE DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10; GREGORY MOORE, Officer; JONATHAN CANTRELL, Officer, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 11, 2012
Seattle, Washington

Submission Vacated, Argued and Resubmitted March 21, 2012
San Francisco, California

Before:    TASHIMA, GRABER, and RAWLINSON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Shannon Kanda appeals the district court's order granting summary judgment to Defendants in her 42 U.S.C. § 1983 action alleging that Coeur d'Alene police officers Gregory Moore and Jonathan Cantrell used excessive force in effectuating her arrest. Kanda was injured after the officers took her down to the ground on a stairwell landing, hitting her face against a metal handrail with some force in the process. The district court held that the officers were entitled to qualified immunity because, although a reasonable jury could find that the force used against Kanda was excessive, the officers did not violate clearly established law when they mistakenly used more force than intended.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, considering disputed material facts in the light most favorable to the non-moving party. *Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011) (en banc), *petitions for cert. filed*, 80 U.S.L.W. 3517, 3457, 3517, 3583 (U.S. Jan. 11, 17, Feb. 21, Mar. 22, 2012) (Nos. 11-1032, 11-898, 11-1045, 11-1165). "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, . . . summary judgment . . . in excessive force cases should be granted sparingly." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) (internal quotation marks, alterations, and citations omitted). We reverse and remand.

2

Assuming that the officers made a reasonable mistake as to the amount of force they were using against Kanda, a reasonable jury could still conclude that taking Kanda to the ground was excessive under the circumstances. *See Mattos*, 661 F.3d at 441 (discussing factors to be weighed in assessing excessive force). The officers outnumbered Kanda two to one. She was a recent victim of violence and was emotional, unarmed, and visibly intoxicated, to the point where she could not properly open a door handle. *See Deorle v. Rutherford*, 272 F.3d 1272, 1282-83 (9th Cir. 2001). A reasonable jury could also conclude that Kanda's actions constituted battery only in the most technical sense and that the officers could have easily subdued and handcuffed her in a standing position. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007). While police officers need not employ the least intrusive degree of force possible during an arrest, they must at least consider less intrusive methods, and the presence of feasible alternatives is a relevant consideration in an excessive force analysis. *Bryan v. MacPherson*, 630 F.3d 805, 831 n.15 (9th Cir. 2010).

Our recent decision in *Luchtel v. Hagemann*, 623 F.3d 975 (9th Cir. 2010), is not to the contrary. In that case, the court concluded that there was no excessive force where officers took to the ground an intoxicated woman who was threatening to harm herself and who used a neighbor to shield herself during her confrontation

3

with the police. *Id.* at 979-84. There was "no genuine dispute from the evidence that Luchtel posed a threat to herself, her neighbors, and the officers." *Id.* at 980. Moreover, Luchtel "was actively resisting arrest" and the officers "applied the least amount of force necessary to subdue Luchtel by pinning her to the ground and handcuffing her." *Id.* at 981-82. All of these factual issues remain contested in Kanda's case.

We also hold that, if the level of force used was excessive, the officers violated a clearly established constitutional right. *See Mattos*, 661 F.3d at 442. Given that the officers used substantially more force than was intended, for purposes of this inquiry, we ask whether a reasonable officer could have believed that the force that was *actually used* was lawful under the circumstances. *Torres v. City of Madera*, 648 F.3d 1119, 1127 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1032 (2012). The force actually used by the officers, taking Kanda down into a metal handrail, was very severe and resulted in serious injuries. A reasonable officer could not have believed that such force was proportionate under the circumstances. *See Davis*, 478 F.3d at 1055-57 (holding that slamming a handcuffed suspect's head into a wall for trespassing and obstructing a police officer was excessive).

We therefore reverse the district court's determination that the officers were entitled to qualified immunity and remand for further proceedings.

4

**REVERSED and REMANDED.**

<u>Kanda v. Longo</u>, No. 10-35746

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

In my view the officers are entitled to qualified immunity. It is undisputed that the officers were justified in arresting Kanda and handcuffing her and that she had committed a battery. A reasonable officer would not necessarily know that a take-down arrest, as distinct from a standing arrest, was excessive or that a take-down on a stair landing was unreasonably dangerous. Kanda was tall, young, and big and had taken a swing at one of the officers (albeit unsuccessfully). Being drunk could have made her more dangerous, rather than less dangerous, to the officers. Our cases counsel against drawing so fine a line as police respond to an evolving situation. For that reason, I would affirm the district court's decision.